UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SELINA XINICO TOL, on behalf of herself and all :
others similarly situated, :
: **22 Civ. 3474**
Plaintiff, :
:
-against- : **CLASS AND COLLECTIVE**
: **ACTION COMPLAINT**
DIGITAL DIRECT AND MORE INC. d/b/a :
FULLFILLMENT CENTER and DAVID CAMEO, :
: **JURY TRIAL DEMANDED**
Defendants. :
------------------------------------------------------------------- X

Plaintiff Selina Xinico Tol ("Xinico"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of defendants Digital Direct And More Inc. ("Digital") and David Cameo (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Throughout her employment as a packer at Digital, Xinico regularly worked up fifty hours per workweek, including many shifts that were longer than ten hours per workday, but was paid at the same hourly wage rate for all hours worked per workweek and did not receive spread-of-hours pay. As a packer, Xinico spent well over a quarter of her working time performing physical work duties, such as lifting, moving, and organizing items, but Defendants paid her on a biweekly basis, more than seven days after the end of the second workweek in each pay period. Defendants failed to furnish Xinico with a wage notice upon hiring and with compliant wage statements at the end of each pay period.

2. Xinico brings this action on behalf of herself and all similarly situated non-exempt warehouse workers (the "Warehouse Workers") to recover unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because Defendants' business operations and the events giving rise to Xinico's claims occurred in this district.

## THE PARTIES

**Plaintiff Selina Xinico Tol**

5. Selina Xinico resides in Brooklyn, New York.

6. Xinico worked for Digital as a packer from approximately March 2021 through April 15, 2022.

**Defendant Digital Direct and More Inc.**

7. Defendant Digital Direct And More Inc. is a New York corporation located at 1502 E 2nd Street, Brooklyn, New York 11230.

8. Digital offers its clients packaging services for shipping electronic and other items.

9. Digital is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Digital has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, Digital's annual gross volume of sales exceeded $500,000.

**Defendant David Cameo**

12. Defendant David Cameo is an owner of Digital Direct And More Inc.

13. Cameo fired employees through Digital's manager, including Xinico.

14. Cameo chose not to pay Digital's employees overtime wages at 1.5 times their regular hourly wage rates.

15. Cameo determined the hourly wage rates paid to Digital employees, including the wage rates paid to Xinico.

16. Cameo maintained the records of hours worked by and wages paid to Digital employees, including Xinico's.

17. Cameo exercised sufficient control over the operations of Digital to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Xinico's and Her Co-Worker's Duties Performed at Digital**

18. Throughout her employment, Xinico worked as a packer at Digital's fulfillment center located at 1019 Elton Street, Brooklyn, New York 11208.

19. As a packer, Xinoco spent more than a quarter (25%) of her working time each workday performing duties that were physical in nature, such as packing and organizing items into boxes, bending over boxes, sealing and labeling boxes, lifting various items, moving in her workplace, and standing.

20. Throughout Xinico's employment, other Warehouse Workers at Digital spent more than a quarter of their working time each workday performing physical work duties, such as lifting and carrying boxes, walking throughout the warehouse to gather

and organize items, carrying items to packers, cleaning, and placing items on warehouse stands and into storage areas.

21. Defendants paid Xinico on a biweekly basis.

22. Defendants paid their Warehouse Workers on a biweekly basis.

23. Defendants failed to furnish Xinico with a wage notice at the time of hiring.

24. Defendants failed to furnish their Warehouse Workers with a wage notice at the time of hiring.

25. Defendants failed to furnish Xinico with wage statements that reflected her overtime wage rate.

26. Defendants failed to furnish their Warehouse Workers with wage statements reflecting their overtime wages rates.

**Xinico's Hours Worked and Wages Paid**

27. Throughout her employment at Digital, Defendants paid Xinico $15 per hour for all hours worked, including hours worked over forty per workweek.

28. Throughout her employment at Digital, Xinico worked approximately twenty-eight to fifty-three hours per workweek and at times worked shifts that were longer than ten hours.

29. Although her work schedule could vary, Xinico's regular weekly schedule was six days per week, Monday through Thursday from approximately 9:00 a.m. to 6:00 pm., Friday from 9:00 a.m. to approximately 3:00 p.m. or 4:00 pm, and Sunday from 9:00 a.m. to approximately 3:00 p.m. or 4:00 p.m.

30. For example, for the workweek of January 28 to February 3, 2022, Defendants paid Xinico $782.25 in gross wages for 52.15 hours worked, equal to her $15 per hour rate times 52.15 hours worked.

31. For this workweek, Defendants should have paid Xinico $600 in gross regular wages (*i.e.*, $15 times forty hours), $273.38 in gross overtime wages (*i.e.*, $22.50 times 12.15 overtime hours worked), and $15 for a shift longer than ten hours worked on January 31, 2022, for total gross wages of $888.38.

32. The following workweek, from February 4 to February 10, 2022, Defendants paid Xinico gross wages of $745.65, equal to her $15 per hour rate times 49.71 hours worked.

33. For this workweek, Defendants should have paid Xinico $600 in gross regular wages (*i.e.*, $15 times forty hours), $218.48 in gross overtime wages (*i.e.*, $22.50 times 9.71 overtime hours worked), and $15 for a shift longer than ten hours worked on February 8, 2022, for total gross wages of $833.48.

34. Defendants paid Xinico's wages earned for the workweeks of January 28 to February 3 and February 4 to February 10, 2022, on February 18, 2022, more than seven days after the end of each workweek in the period.

35. For example, for the workweek of February 11 to February 17, 2022, Defendants paid Xinico gross wages of $801.75, equal to her $15 per hour rate times 53.45 hours worked.

36. For this workweek, Defendants should have paid Xinico $600 in gross regular wages (*i.e.*, $15 times forty hours), $302.63 in gross overtime wages (*i.e.*, $22.50 times 13.45 overtime hours worked), and $15 for a shift longer than ten hours worked on February 17, 2022, for total gross wages of $971.63.

37. The following workweek, from February 18 to 24, 2022, Defendants paid Xinico $750.90 in gross wages for 50.06 hours, equal to her $15 per hour rate times 50.06 hours worked.

38. For this workweek, Defendants should have paid Xinico $600 in gross regular wages (*i.e.*, $15 times forty hours), $226.35 in gross overtime wages (*i.e.*, $22.50 times 10.06 overtime hours worked), and $15 for a shift longer than ten hours worked on February 24, 2022, for total gross wages of $841.35.

39. Defendants paid Xinico's wages earned for the workweeks of February 11 to February 17 and February 18 to February 24, 2022, on March 4, 2022, more than seven days after the end of each workweek in the period.

## COLLECTIVE ACTION ALLEGATIONS

40. Xinico brings this action on behalf of herself and all similarly situated Hourly Workers who worked for Defendant at 1019 Elton Street, Brooklyn, New York 11208 within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

41. The FLSA Collective consists of over forty Warehouse Workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

42. Throughout Xinico's employment, Xinico and the FLSA Collective have often worked more than forty hours on at least some workweeks in the last three years, have performed similar work duties, and have been subjected to Defendants' common policy depriving them of overtime wages at the rate of 1.5 times their regular hourly wage rates for hours worked over forty per workweek.

43. Defendants are aware or should have been aware that the FLSA required them to pay Xinico and the FLSA Collective an overtime premium for hours worked over forty per workweek.

44. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Xinico and the FLSA Collective.

45. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Warehouse Workers can be readily identified and located through Defendants' records. They should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

46. Xinico bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class consisting of all similarly situated Warehouse Workers who work or have worked for the Defendants within the six years prior to the filing of this Complaint (the "Rule 23 Class").

47. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

48. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of the Defendants.

49. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

50. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, whether Defendant untimely compensated them in violation of NYLL § 191, whether Defendants failed to pay them overtime wages, whether Defendants failed to pay them spread-of-hours pay, whether Defendants failed to furnish them with wage notices upon hiring, and whether Defendants failed to furnish the Warehouse Workers with wage statements reflecting their overtime wage rates.

51. Xinico's claims are typical of the claims of the Rule 23 Class she seeks to represent. Xinico and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory right to be paid overtime and spread-of-hours wages on a timely manner pursuant to the NYLL.  Xinico and the members of the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

52. Xinico and the Rule 23 Class have all been injured in that they have been undercompensated compensated due to Defendants' common policies, practices, and patterns of conduct.

53. Xinico will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

54. Xinico has retained legal counsel competent and experienced in wage-and-hour and class action litigation.

55. There is no conflict between Xinico and the Rule 23 Class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly

duplicative litigation that might result in inconsistent judgments about Defendants' practices.

57. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

58. Xinico repeats and incorporates all previous paragraphs.

59. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Xinico and the FLSA Collective overtime wages at the rate of one and one-half (1½) times their regular hourly wage rates per hour worked over forty per workweek.

60. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Xinico and the FLSA Collective.

61. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Xinico's and the FLSA Collective's compensation.

62. Defendants were or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Xinico and the FLSA Collective.

63. Due to Defendants' violations of the FLSA, Xinico and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

64. Xinico repeats and incorporates all previous paragraphs.

65. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, including but not limited to 12 N.Y.C.R.R. Part 142, Defendants

were required to pay Xinico and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked over forty per workweek.

66. Defendants are employers within the meaning of NYLL §§ 190 and 651(6) and supporting NYDOL Regulations and employed Xinico and the Rule 23 Class.

67. Defendants failed to pay Xinico and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked over forty per workweek.

68. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Xinico and the Rule 23 Class overtime wages.

69. Due to Defendants' willful violations of the NYLL, Xinico and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action

## THIRD CLAIM
### (NYLL § 191 – Frequency of Payments)

70. Xinico repeats and incorporates all previous paragraphs.

71. Defendants are employers who are subject to and must abide by the frequency of payments provision of the NYLL.

72. Defendants paid Xinico and the Rule 23 Class on a biweekly basis.

73. Throughout Xinico's employment, Xinico and the Rule 23 Class spent more than 25% of their working time performing work tasks of a physical nature.

74. Xinico and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

75. By paying Xinico and the Rule 23 Class on a biweekly basis, Defendants paid Xinico and the Rule 23 Class their wages due "later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

76. Because Defendants failed to pay Xinico and the Rule 23 Class on a weekly basis, they are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

### FOURTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

77. Plaintiff repeats and incorporates all previous paragraphs.

78. Defendants willfully failed to pay Xinico and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

79. By Defendants' failure to pay Xinico and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting NYDOL regulations, including, but not limited to the Miscellaneous Industry Wage Order, 12 N.Y.C.R.R. §§ 142–2.4, –2.18, –3.4.

80. Due to Defendants' willful violations of the NYLL, Xinico and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FIFTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

81. Xinico repeats and incorporates all previous paragraphs.

82. Defendants failed to furnish to Xinico and the Rule 23 Class, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

83. Due to Defendants' violation of the NYLL, § 195(3), Xinico and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $250 per workday, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CLAIM
### (New York Labor Law – Failure to Provide Wage Notices)

84. Xinico repeats and incorporates all previous paragraphs.

85. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

86. Defendants failed to furnish Xinico and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the overtime wage rate; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

87. Due to Defendants' violation of NYLL § 195(1), Xinico and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–b).

**PRAYER FOR RELIEF**

WHEREFORE, Xinico respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described above, certify Xinico as the class representative, and designate Xinico's counsel as Class Counsel;

b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d. declare that Defendants have violated the spread-of-hours pay provisions of the NYLL and its supporting regulations;

e. declare that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

f. declare that Defendants violated the frequency of payment provision of the NYLL;

g. declare that Defendants willfully violated the FLSA and NYLL;

h. enjoin future violations of the FLSA and NYLL by Defendants;

i. award Xinico, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages under the FLSA and NYLL;

j. award Xinico and the Rule 23 Class damages for unpaid spread-of-hours pay under the NYLL;

    k.  award Xinico, the FLSA Collective, and the Rule 23 Class liquidated damages under the FLSA and NYLL;

    l.  award Xinico and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices and wage statements pursuant to the NYLL and WTPA;

    m.  award Xinico, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the NYLL;

    n.  award Xinico, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    o.  award such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
    June 13, 2022

            PECHMAN LAW GROUP PLLC

            By: _____
              Louis Pechman
              Gianfranco J. Cuadra
              488 Madison Avenue – 17th Floor
              New York, New York 10022
              Tel.: (212) 583-9500
              pechman@pechmanlaw.com
              cuadra@pechmanlaw.com
              *Attorneys for Plaintiff, the Putative FLSA*
              *Collective, and the Putative Rule 23 Class*